*(Rev. 5/1/13)*

RECEIVED

MAY 10 2021

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

_Shreveport_ _____ DIVISION

_Richard Anthony_____
Plaintiff

Prisoner # _44849-074_____

Civil Action No. ___21-cv-1251___ SEC. P

VS.

_Aundra_
_A. Thomas, DHO Officer_____
Defendant

Judge _____

Magistrate Judge _____

_P. Lemieux, Correctional officer_ **COMPLAINT**
**PRISONER CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

I.    **Previous Lawsuits**

a.    Have you begun any other lawsuit while incarcerated or detained in any facility?

Yes [X]    No [ ]

b.    If your answer to the preceding question is "Yes," provide the following information.

1.    State the court(s) where each lawsuit was filed (if federal, identify the District, if state court, identify the County or Parish):

_United States District Court, Eastern District of Tennessee at Chattanooga, 900 Georgia Avenue, Chattanooga, Tenn. 37402 (Hamilton County)_

2.    Name the parties to the previous lawsuit(s):

Plaintiffs: _Richard Anthony, Calvin Mooningham, John N/A_

Defendants: _Bradley County Jail, Sheriff, Medical Staff_

3.    Docket number(s): _N/A_

4.    Date(s) on which each lawsuit was filed: _Year 2012_

5.    Disposition and date thereof [For example, was the case dismissed and when? Was it appealed and by whom (plaintiff or defendant)? Is the case still pending?]: _It was dismissed sometime in or around 2014 or 2015. Not Appealed, Case Closed._

_(After this was dismissed Calvin Mooningham died of the complications described in that suit. Anthony will make that restitution.)_

Page 1 of 4

(Rev. 5/1/13)

c. Have you filed any lawsuit or appeal in any federal district court or appeals court which has been dismissed?

Yes [ X ]    No [ ~~X~~ ]

If your answer to the preceding question is "Yes," state the court(s) which dismissed the case, the civil action number(s), and the reason for dismissal (e.g., frivolity, malice, failure to state a claim, defendants immune from relief sought, etc.).

United States District Court for Eastern District of Tennessee at Chattanooga, was dismissed, Frivolity, Civil action number N/A

II. a. **Name of institution and address of current place of confinement:**
1507 Whatley Road
FCI Oakdale 1; P.O. Box 5000; Oakdale, Louisiana 71463

b. Is there a prison grievance procedure in this institution?

Yes [ X ]    No [   ]

1. Did you file an administrative grievance based upon the same facts which form the basis of this lawsuit?

Yes [ X ]    No [   ]

2. If you did not file an administrative grievance, explain why you have not done so.

N/A

3. If you filed an administrative grievance, answer the following question. What specific steps of the prison procedure did you take and what was the result? (For example, for state prisoners in the custody of the Department of Public Safety and Corrections: did you appeal any adverse decision through to Step 3 of the administrative grievance procedure by appealing to the Secretary of the Louisiana Department of Public Safety and Corrections? For federal prisoners: did you appeal any adverse decision from the warden to the Regional Director for the Federal Bureau of Prisons, or did you make a claim under the Federal Tort Claims Act?)

Filed BOP administrative remedy protocols with BOP South Central Regional Office; BOP Central Office. Federal Court has

Attach a copy of each prison response and/or decision rendered in the administrative proceeding. original copies of responses (Eastern District Arkansas) Little Rock

III. **Parties to Current Lawsuit:**

a. Plaintiff, Richard Anthony
   Address 1507 Whatley Road
   P.O. Box 5000; Oakdale, Louisiana 71463

Page 2 of 4

*(Rev. 5/1/13)*

b.    Defendant, _Aundra A. Thomas, DHO officer_, is employed as
_DHO officer_ at _FCI Oakdale1_ .

Defendant, _P. Lemieux, Correctional officer_, is employed as
_Correctional officer_ at _FCI Oakdale1_ .

Defendant, _N/A_, is employed as
_N/A_ at _N/A_ .

Additional defendants, _N/A_
_N/A_

## IV.    Statement of Claim

State the **FACTS** of your case. Specifically describe the involvement and actions of each named defendant. Include the names of all persons involved in the incident(s) or condition(s) giving rise to this lawsuit, and the dates upon which and the places where the incident(s) and/or condition(s) occurred. **YOU ARE REQUIRED TO SET FORTH ONLY FACTUAL ALLEGATIONS. YOU ARE NOT REQUIRED TO SET FORTH LEGAL THEORIES OR ARGUMENTS.**

Defendant A. Thomas *(Aundra)* knowingly and willfully evaded Fifth Amendment due process during disciplinary hearing in denying inspection to security camera footage. Defendant P. Lemieux knowingly and willfully caused the deprivation of liberty through a fraudulently written incident report invoking Eighth Amendment cruel and unusual punishment.

See attached civil complaint for full briefing.

*(Rev. 5/1/13)*

**V.    Relief**

State exactly what you want the court to provide to you or do for you. Make no legal arguments. Cite no cases or statutes.

Compensatory damages $10,000,000.00; punitive damages; costs of claim; attorney fees; expert witness fees; pre and post judgment interest; all relief under the courts authority.

See attached civil complaint for full briefing.

**VI.    Plaintiff's Declaration**

a.    I understand that if I am transferred or released, I must apprise the Court of my address, and my failure to do so may result in this complaint being dismissed.

b.    I understand that I may not proceed without prepayment of costs if I have filed three lawsuits and/or appeals that were dismissed on grounds that the action and/or appeal was frivolous or malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

c.    If I am located in a prison participating in the Electronic Filing Pilot Program, I consent to receive orders, notices and judgments by Notice of Electronic Filing.

Signed this **6th** day of **May** , 20 **21** .

_44849-074_

**Prisoner no. (Louisiana Department of Corrections or Federal Bureau of Prisons)**

**Signature of Plaintiff**

RECEIVED

MAY 10 2021

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY_____

United States District Court

Western District of Louisiana

Richard Anthony

    Plaintiff

v.

Aundra
A. Thomas, DHO Officer

P. Lemieux, Correctional officer

    Defendants

Civil Case No. _____

Jury Trial Demanded

_____

## Civil Complaint

_____

Pleadings are a suit for damages commenced under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), where under color of federal law the associated Defendants acted in their personal and professional capacities which forged Fourth, Fifth, and Eighth Amendment violations.

### Nature of the Action

Defendant A. Thomas and Defendant P. Lemieux, with wanton and knowing intent, sought to deprive Plaintiff Richard Anthony of constitutional privileges in that (1) Defendant P. Lemieux fraudulently devised a scheme to accuse Plaintiff Richard Anthony of sexual misconduct which

(1)

gave cause to being illicitly seized and segregated from the general inmate population; and (2) Defendant A. Thomas carried forth an avoidence to due process within the disciplinary hearing through withholding exculpatory evidence from Plaintiff Richard Anthony's inspection. Moreover, Defendant P. Lemieux sexually assaulted Plaintiff Richard Anthony which is documented through a grievence filed with the Bureau of Prisons.

### Parties

Plaintiff Richard Anthony presently is in the custody of the Bureau of Prisons at Federal Correctional Institution Oakdale, Louisiana.

Defendant A. Thomas presently is in the employ of the Bureau of Prisons at Federal Correctional Institution Oakdale, Louisiana.

Defendant P. Lemieux presently is in the employ of the Bureau of Prisons at Federal Correctional Institution Oakdale, Louisiana.

### Jurisdiction and Venue

Federal subject matter jurisdiction is proper pursuant to 28 Title U.S.C. §1331 where this is a civil action arising under a Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), constitutional claim to a Fourth, Fifth, and Eighth Amendment deprivation of liberty, due process, and cruel and unusual punishment at the direction of Bureau of Prisons employees actions in both personal and professional capacities.

(2)

Venue is proper pursuant to 28 Title U.S.C. §1391(b)(1)-(2) where (i) this is a civil action brought in the territorial district where Defendant's reside and are employed; and (ii) a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this territorial district.

Statute of Limitations

Cause of claims motioned under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), receive their statute of limitations from the forum State's statute of limitations governing personal injury claims. To the instant pleadings, State of Louisiana Code Article 3492 prescribes a one year statutory period. However, the accrual of a Bivens claim is governed by federal law. Banks v. FDIC, 374 Fed. Appx. 532, 535 (5th Cir. 2010) (citing Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001)).

"Under federal law, the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." Piotrowski 237 F.3d at 576. Moreover, "The limitations period is tolled, however, while the prisoner exhausts his administrative remedies." Starks v. Hollier, 295 Fed. Appx. 664, 665 (5th Cir. 2008). "A claim for a continuing tort does not accrue until the tort has ceased." Nottingham v. Richardson, 499 Fed. Appx. 368, 375 (5th Cir. 2012) (citing Lavellee v. Listi, 611 F.2d 1129, 1132 (5th Cir. 1980)).

(3)

Having exhausted administrative protocols with the Bureau of Prisons, Federal Magistrate Judge J. Thomas Ray of the Eastern District of Arkansas commanded production of video exculpatory evidence from Defendant A. Thomas on April 23, 2020 bearing effect to the convened disciplinary hearing of February 6, 2018. Held by Judge Ray was Defendant Thomas had violated Plaintiff Richard Anthony's due process rights held under the Fifth Amendment in withholding said video evidence from inspection by Plaintiff Anthony. Legal authority to Judge Ray's decree drew from Wolff v. McDonnell, 418 U.S. 539 (1974). That Arkansas case number is: 2:19-CV-00072-JTR

Judgment memorandum cited a sixty (60) day period to remedy the due process violation or restore forfeited 27 days of good time credit expiring on or about June 22, 2020 in fulfillment to Judge Ray's pronouncement. Defendant Thomas evaded the judgment of the District Court's Magistrate giving cause for a consession to the Fifth Amendment due process violation. The Bureau of Prisons acquiesed on or about September 1, 2020 in restoring Plaintiff Anthony's 27 days of good time credit devoid of a new disciplinary hearing.

Whether speaking to April 23, 2020 or on or about June 22, 2020, discovery of an injury by Plaintiff Anthony was not with knowledge until Federal Magistrate Judge J. Thomas Ray cited the actions of Defendant A. Thomas conceived a constitutional violation. Moreover, the ceasing of the injury cannot be stipulated to have materialized until Plaintiff Anthony received back the forfeited 27 days of good time credit on or about September 1, 2020.

(4)

## Standard of Review

Resigned by the Supreme Court through West v. Atkins, 487 U.S. 42 (1988), in order to hold a defendant liable, the plaintiff must allege facts to show (1) that a constitutional right has been violated; and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. Personal involvement is an essential element of a civil rights cause of action. Woods v. Edwards, 51 F.3d 577, 583 (5th Cir. 1995); and Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983).

## Factual Background

(1) Stated factual elements to the civil claim manifested at the Bureau of Prisons complex facility named as Federal Correctional Institution Oakdale, Louisiana where initiation of events came within the Allen I Housing Unit.

(2) On January 15, 2018 Defendant P. Lemieux, a Correctional Officer in the employ of the Bureau of Prisons at Federal Correctional Institution Oakdale, Louisiana, attempted to solicit Plaintiff Richard Anthony's collaboration into conspiring to distribute an illegal narcotics substance known as K-2 which is understood as comprising a synthetic cannabinoid chemical composition.

(3) On January 15, 2018 Plaintiff Richard Anthony instantly rejected Defendant P. Lemieux's scheme.

(5)

(4) On January 15, 2018 Defendant P. Lemieux made sexual advances towards Plaintiff Richard Anthony through a verbal overture to enter into physical sexual acts where Defendant P. Lemieux would compensate Plaintiff Richard Anthony the sum of $150.00 per episode. "Pop", as she put it in her own words.

(5) On January 15, 2018 Plaintiff Richard Anthony immediately rejected Defendant P. Lemieux's sexual advances.

(6) On January 15, 2018 Defendant P. Lemieux vocalized Plaintiff Richard Anthony was "crazy" "That he didn't know what he was missing." for not accepting said sexual offerings.

(7) On January 15, 2018 Defendant P. Lemieux physically grasped Plaintiff Richard Anthony on the buttocks before departing the area where Plaintiff Richard Anthony stood.

(8) On January 15, 2018 security camera footage captured the encounter between Defendant P. Lemieux and Plaintiff Richard Anthony to include the sexual touching of Defendant P. Lemieux upon Plaintiff Richard Anthony.

(9) On January 16, 2018 a Bureau of Prisons Incident Report was administered by Defendant P. Lemieux in claim Plaintiff Richard Anthony committed Bureau of Prisons Prohibited Act Code 205 Engaging in a sexual act within Housing Unit Allen 1.

(10) On January 16, 2018 basis to Incident Report claim was

(6)

centered on the alleged visual finding by Defendant P. Lemieux That Plaintiff Richard Anthony was on the upper Tier of Housing Unit Allen I seated in a chair within direct line of the Unit Officers Station appearing To be masterbating with the left hand inside of the pants Plaintiff Richard Anthony was wearing and staring directly at Defendant P. Lemieux on the evening of January 15, 2018.

(11) On January 15, 2018 Plaintiff Richard Anthony was removed from Housing Unit Allen I and placed in segregation from the general inmate population where Plaintiff Richard Anthony remained until Transferring.

(12) On January 17, 2018 Plaintiff Richard Anthony appeared before the Unit Disciplinary Committee where Plaintiff Richard Anthony unconditionally denied Defendant P. Lemieux's allegations and further stated the security camera footage would exonerate Plaintiff Richard Anthony. Also told that he did not do this act, that he was not left handed.

(13) On January 22, 2018 Defendant A. Thomas convened a disciplinary hearing of Plaintiff Richard Anthony where Plaintiff Richard Anthony demanded production of the security camera footage for Plaintiff Richard Anthony's inspection where proof To Defendant P. Lemieux's fraudulent allegations would be exposed.

(14) On January 22, 2018 Defendant A. Thomas adjourned the disciplinary hearing in caution to Defendant A. Thomas reviewing the security camera footage before rendering final judgment To Plaintiff Richard Anthony.

(7)

(15) On February 6, 2018 Defendant A. Thomas reconvened the disciplinary hearing and in doing so stated a unidentified third party reviewed the affected security camera footage which held an inconclusive verdict to the events alleged.

(16) On February 6, 2018 Plaintiff Richard Anthony sought review of the security camera footage for personal inspection to defend against the allegations but Defendant A. Thomas refused Plaintiff Richard Anthony's request.

(17) On February 6, 2018 Defendant A. Thomas rendered conclusion Plaintiff Richard Anthony had violated Prohibited Conduct Code 205, Engaging in a sexual act, without calling Defendant P. Lemieux to testify or extending privilege to Plaintiff Richard Anthony to review of the security camera footage.

(18) On February 6, 2018 Plaintiff Richard Anthony was sanctioned through (1) 30 days disciplinary segregation; (2) 90 day loss of commissary privileges; and (3) 27 days disallowance of good conduct time.

(19) On or about the time period of February 1-10, 2018 Plaintiff Richard Anthony, while in continuous segregation, received an in person visit from Oakdale Prison SIS Officer Morgan whose stated intensions was to garner an affidavit from Plaintiff Richard Anthony where a PREA claim was being initiated against Defendant P. Lemieux for sexual misconduct.

(20) On or about the time period of February 1-10, 2018 SIS Officer Morgan

(8)

informed Plaintiff Richard Anthony two (2) witness affidavits had been received to Defendant P. Lemjeux's sexual misconduct and the security camera footage was in proof to Defendant P. Lemjeux's actions.

(21) On or about February 9, 2018 Plaintiff Richard Anthony administered formal appeal to the disciplinary hearing judgement of Defendant A. Thomas through filing an administrative remedy with the Bureau of Prisons South Central Regional Office which concluded in the up-holding of Defendant A. Thomas sanctions and opinions to the allegations without security camera footage review.

(22) On or about May 11, 2018 Plaintiff Richard Anthony directed an appeal to the Bureau of Prisons Central Office in Washington, D.C. for effective relief from the loss of 27 days of good conduct time and disallowance from means to inspect the security camera footage but gained no relief.

(23) On or about June 18, 2018 Plaintiff Richard Anthony was transfered to Federal Prison Forrest City, Arkansas a medium security correctional facility.

(24) Being in the jurisdiction of the Eastern District of Arkansas, on or about June 7, 2019 Plaintiff Richard Anthony sought judicial review of the events culminated at Federal Prison Oakdale and in principle the actions of Defendant A. Thomas in denying Plaintiff Richard Anthony's inspection of security camera footage in defense of alleged prohibited conduct.

(9)

(25) On or about April 23, 2020 Federal Judge J. Thomas Ray gave command a due process violation had been administered against Plaintiff Richard Anthony in the denial of inspection to security camera footage which held as exculpatory in evidence to Plaintiff Richard Anthony's defense.

(26) On or about April 23, 2020 Federal Judge J. Thomas Ray gave command for the product of the security camera footage in remedy to the due process violation and the convening of a new disciplinary hearing or in the alternative expunge the disciplinary conviction and restore the 27 days of good conduct time within a sixty (60) day period expiring on or about June 22, 2020.

(27) Command of Federal Judge J. Thomas Ray went with silence to carrying forth producing a default in favor to Plaintiff Richard Anthony.

(28) On or about September 1, 2020 the Bureau of Prisons restored Plaintiff Richard Anthony's 27 days of good conduct time.

(29) On or about December 2, 2020 Plaintiff Richard Anthony was transferred back to Federal Prison Oakdale where Plaintiff Richard Anthony was held in administrative segregation until February 26, 2021 without notice to cause.

(30) On or about February 28, 2021, after receiving assignment to Housing Unit Evangeline 2, Defendant P. Lemieux came into the housing unit to taunt Plaintiff Richard Anthony although Defendant P. Lemieux was not

(10)

the housing units assigned correctional officer for the shift but Correctional Officer Dickens was the assigned officer for the shift. Also on April 27ᵗʰ, 2021, P. Lemieux was in SHU taunting Anthony and only made two rounds to say what she had to say.

(31) On or about February 28, 2021 the security camera footage will evidence the presence of Defendant P. Lemieux in Housing Unit Evangeline 2. Also, on April 27ᵗʰ, 2021, Camera will show in (SHU) special housing unit where P. Lemieux came walking through there, She was not working the SHU. She had mask on and threatend Anthony by saying, "I got something for you".

<u>Claim 1</u>

Fifth Amendment Due Process Violation

Deprivation of Exculpatory Evidence

Plaintiff Richard Anthony is protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination where prisoners may also claim the protections of the Due Process Clause. Prisoners may not be deprived of life, liberty, or property without due process of law. "Lawful imprisonment necessarily makes unavailable many rights and privileges of the ordinary citizen, a retraction justified by the considerations underlying our penal system." Wolff v. McDonnell, 418 U.S. 539, 555 (1974).

But though Plaintiff Richard Anthony's "rights may be diminished by the needs and exigencies of the institutional environment, a prisoner is not wholly stripped of constitutional protections when he is imprisoned for crime — There is no iron curtain drawn between the Constitution and the prisons of this country." Wolff 418 U.S. at 555. Principles

(11)

of the Wolff Court have been echoed by the Fifth Circuits sister court the Eleventh Circuit in that "Prisoners may claim the protections of the Due Process Clause and therefore, may not be deprived of life, liberty, or property without due process of law." Anthony v. Warden, 2020 U.S. App. LEXIS 24020, at 2 (11th Cir. 2020). See also Robinson v. Coleman, 772 Fed. Appx. 886, 887 (11th Cir. 2019).

Where the Bureau of Prisons has created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, Plaintiff Richard Anthony's interest has real substance and is sufficiently embraced within Fourteenth Amendment "liberty" to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the Bureau of Prisons created right is not arbitrarily abrogated. "We are also of the opinion that the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense...Ordinarily, the right to present evidence is basic to a fair hearing." Wolff 418 U.S. at 566.

Read from the Federal Bureau of Prisons Program Statement 5270.09, as drawn from 28 CFR §541.8 - Inmate Discipline Program.

"Chapter 5 - 28 CFR §541.8 - Discipline Hearing Officer (DHO) hearing...
(b) Discipline Hearing Officer. The DHO will be an impartial decision maker...
(f) Evidence and witnesses. You are entitled to make a statement and present documentary evidence to the DHO on your own behalf."

(12)

Conspired by Defendant A. Thomas through the disciplinary hearings convened on January 22, 2018 and February 6, 2018 respectively was:

(1) A willful and knowing action to deprive Plaintiff Richard Anthony of inspection to exculpatory evidence named as the security camera footage of January 15, 2018 from Housing Unit Allen 1 in defense of the alleged violation of Prohibited Conduct Code 205 - Engaging in a Sexual Act;

(2) A willful and knowing action to conceal the identity of the third party who is alleged to have inspected the security camera footage of January 15, 2018 from Housing Unit Allen 1 and reported findings to Defendant A. Thomas but is devoid in inclusion to the Discipline Hearing Officer Report dated February 9, 2018;

(3) A willful and knowing action to conceal the statement of Plaintiff Richard Anthony petitioning for inspection of the security camera footage of January 15, 2018 from Housing Unit Allen 1 within the Discipline Hearing Officer Report dated February 9, 2018; and

(4) A willful and knowing action to evade the order of Federal Judge J. Thomas Ray of the Eastern District of Arkansas in production of the security camera footage of January 15, 2018 from Housing Unit Allen 1 for inspection by Plaintiff Richard Anthony.

Noticed by Federal Magistrate Judge J. Thomas Ray of the Eastern District of Arkansas in litigating the habeas corpus motion of Plaintiff Richard Anthony was the pronounced edict of:

(13)

"For the reasons discussed below, The Court finds the way DHO Thomas dealt with the video evidence of the incident violated Anthony's constitutionally protected procedural due process rights. Because this constitutional violation entitles Anthony to a new disciplinary hearing, during which the video of the incident must be properly evaluated and considered..."
Anthony v. Hendrix, Case No. 2:19-cv-00072 (E.D. Ar. April 23, 2020) (Doc. 19; Page 4).

Captioned further from a legalistic manner, Judge Ray reasoned "Anthony's potential loss of good time credit, if he was convicted of the diciplinary, created a liberty interest which entitled him to certain minimum procedural due process protections...Under Wolff, Anthony had a due process right To review the video himself or receive a meaningful explanation from the hearing officer about what the video specifically showed with regard to his guilt or innocence...At a disciplinary hearing, a prisoner has a due process right to present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." (Id at Doc. 19; Pages 5-7).

Avoidence of Defendant A. Thomas to carry forth allowance of Plaintiff Richard Anthony to review the security camera footage of January 15, 2018 from Housing Unit Allen 1 against the allegations of sexual misconduct presented as a violation of the Fifth Amendments Due Process Clause and the statements and factual conclusions of a sitting Federal Judge are in support to the claim.

(14)

Claim 2

Eighth Amendment Cruel and Unusual Punishment

Deprivation of Liberty Under Fraudulent Pretenses

Recited by the Brown Court in regards to the expectent dignity of an incarcerated person, the Supreme Court held "Prisoners retain the essence of human dignity inherent in all persons. Respect for that dignity animates the Eighth Amendment prohibition against cruel and unusual punishment." Brown v. Plata, 563 U.S. 493, 510 (2011). See also Atkins v. Virginia, 536 U.S. 304, 311 (2002) ("The basic concept underlying the Eighth Amendment is nothing less than the dignity of man"); and Atkins v. Lofton, 373 Fed. Appx. 472, 473 n.1 (5th Cir. 2010).

Section 2243, 18 Title United States Code, Sexual Abuse of a Minor or Ward, makes it a felonious act for a correctional officer to "knowingly engage in a sexual act with another person who is - (1) in official detention; and under the custodial, supervisory, or disciplinary authority of the person so engaging." 18 Title U.S.C. §2243(b). As prompted by the Fifth Circuit, "But here, as the Government points out, the crime of sexual abuse of a ward does not require the victim be a person with a mental condition." United States v. McGough, 744 Fed. Appx. 224, 225 (5th Cir. 2018). Conviction to same receives a term of imprisonment of not more than 15 years.

Defined further, sexual abuse has as its derivative the bearings of sexual harassment which Websters College Dictionary defines as: "unwelcome

(15)

sexual innuendo or advances made by one person to another." (2006 Edition). Chronicled from the events commenced on January 15, 2018, Defendent P. Lemieux gave cause to sexually abuse; i.e., sexually harass; Plaintiff Richard Anthony which culminated in SIS officer Morgan advancing a PREA complaint through:

(1) Defendant P. Lemieux scheming to include Plaintiff Richard Anthony in an illegal narcotics distribution conspiracy;

(2) Defendant P. Lemieux offering sexual favors to Plaintiff Richard Anthony at the sum of $150.00 per encounter; and

(3) Defendant P. Lemieux knowingly and unwantonly grasping Plaintiff Richard Anthony by the buttocks which security camera footage from January 15, 2018 from Housing Unit Allen I witnesses.

Plaintiff Richard Anthony having spurned Defendant P. Lemieux's sexual advances, Defendant P. Lemieux knowingly and willfully constructed a fraudulent Bureau of Prisons Incident Report alleging Plaintiff Richard Anthony had violated Bureau of Prisons Prohibited Conduct Code 205 Engaging in a sexual act. Defendant P. Lemieux's measures caused:

(1) Plaintiff Richard Anthony to be placed within administrative segregation on January 15, 2018 from the general inmate population;

(2) Plaintiff Richard Anthony to be held continuously within segregation until being transferred to Forrest City, Arkansas Medium Correctional

(16)

facility on or about June 18, 2018;

(3) Plaintiff Richard Anthony, upon re-transfer to Oakdale, Louisiana Low Correctional facility, to be held in segregation from December 2, 2020 through February 26, 2021; and

(4) Plaintiff Richard Anthony to encounter Defendant P. Lemieux on February 28, 2021 where Defendant P. Lemieux with contempt and malace towards Plaintiff Richard Anthony came into Housing Unit Evangeline 2 for the express purpose of taunting Plaintiff Richard Anthony. Also, on April 27th, 2021 when she did not work SHU and made rounds taunting Richard Anthony. He can't get away from her, and the BOP will not transfer him or her. But for the actions of Defendant P. Lemieux, Plaintiff Richard Anthony would not have been subjected to a deprivation of liberty through the segregationing from the general inmate population at Oakdale, Louisiana Low Correctional facility. Defendant P. Lemieux, in retaliation means, abused authority as a correctional officer to devise a knowing fraudulent incident report which has ultimately expunged through litigation within the United States District Court Eastern District of Arkansas. Defendant P. Lemieux is counted as have subjected Plaintiff Richard Anthony to cruel and unusual punishment in violation of the Eighth Amendment, and still doing it as of April 26, 2021. Camera will prove this.

## Conclusion

With knowing and willfulness in actions and deeds, Defendant A. Thomas violated Plaintiff Richard Anthony's Fifth Amendment Due Process rights in not making available the security camera footage

(17)

of January 15, 2018 from Housing Unit Allen I To Plaintiff Richard Anthony for inspection; (2) disclosing the third party viewers identity of the security camera footage of January 15, 2018 to Plaintiff Richard Anthony and recording the third party viewers identity within the Discipline Hearing Officer Report; and (3) concealing and/or omitting Plaintiff Richard Anthony's statement demanding to inspect the security camera footage of January 15, 2018 from Housing Unit Allen I within the Discipline Hearing Officer Report.

With knowing and willfulness in actions and deeds, Defendant P. Lemieux violated Plaintiff Richard Anthony's entitlement to be unincumbered by Eighth Amendment Cruel and Unusual Punishment in that (1) Plaintiff Richard Anthony was the target of sexual abuse/sexual harassment by Defendant P. Lemieux; and (2) Plaintiff Richard Anthony was the target to a fraudulent incident report alleging sexual misconduct which deprived Plaintiff Richard Anthony of his liberty and was written by Defendant P. Lemieux as a measure of retaliation by Defendant P. Lemieux against Plaintiff Richard Anthony for Plaintiff Richard Anthony rejecting Defendant P. Lemieux's sexual advances and wanting to distribute illegal narcotics.

Plaintiff Richard Anthony is entitled compensatory damages totaling $10,000,000.00, punitive damages, costs of the civil action, reasonable fees for attorneys and expert witnesses.

## Jury Demand

Plaintiff Richard Anthony demands a jury trial.

(18)

## Relief Sought

Wherefore, Plaintiff Richard Anthony seeks judgment against Defendant A. Thomas and Defendant P. Lemieux as:

(1) Compensatory damages in the amount of $10,000,000.00;

(2) Punitive damages in an amount sufficient to punish the Defendants and deter others from like conduct;

(3) Costs of the civil action;

(4) Reasonable Attorney fees;

(5) Reasonable expert witness fees;

(6) Pre-judgment and post-judgment interest;

(7) Any relief within the District Court's jurisdiction appropriate to the proof, whether or not demanded;

(8) Such other further relief as the District Court deems just and proper.

Subscribed on this the ___ day of MAY, 2021.


Richard Anthony

Reg. No. 44849-074

FCI Oakdale 1

P.O. Box 5000

Oakdale, Louisiana 71463

(19)

## Certificate of Service

Herein the undersigned certifies under penalty of perjury that he mailed a true and correct copy of Plaintiff's Civil Complaint First Class Mail postage prepaid by placing the same in the United States Mail at Federal Correctional Institution Oakdale 1, Louisiana addressed to the following party or parties. On this the 5th day of April, 2021. 28 Title U.S.C. §1746.

Clerk of the Court

United States District Court

Western District of Louisiana

300 Fannin Street

Suite 1167

Shreveport, Louisiana 71101

Subscribed on this the 5th day of May, 2021.

_Richard Anthony_

Richard Anthony

Reg. No. 44849-074

FCI Oakdale 1

P.O. Box 5000

Oakdale, Louisiana 71463

(20)

<u>New Addition</u>
<u>Cruel and Unusual Punnishment</u>

On or about, between April 7th, 2021 and April 10th, 2021, Richard Anthony was in his cell in Evangaline 2 at 10:00pm count. Officers came and finnished the count and came and opened Anthonys cell door. Mr. Anthony, which had been sick and feeling bad with blood pressure very high, legs and feet swelled double where he could barely walk, was told by officer Gram to get up from bed. Mr. Anthony Complied but was unable to move quick because of his Medical condition. Gram ask Anthony if he was <u>high</u>, intoxicated, and Anthony told Gram he felt bad and his Medication had him slow. It was then that Officers grabbed Anthony and his cell mate, Mr. Whacker, and took them to the Special Housing Unit in the rain and made Anthony walk on his legs and feet all the way to the SHU. All the while Anthony and Whacker told officers they was not intoxicated. Mr. Anthony's legs and feet was swelled so bad by the time he reached the (SHU) he could hardly get his paints off.

On the 12th of April, 2021 Mr. Anthony's legs and feet were still swelled and had been telling medical about his problem. He was taking a shower and his body locked up on him while in shower. He was having cramps in his entire body, could not hear, could not see except for a Calidascope view threw his eyes.

The SHU officer helped Anthony back to his cell upon where he called nurse Tost for a visural on Anthony. Nurse Tost evaluated Anthony and had him sent to the Emergancy Room at the Oakdale Regional Hospital by Ambulance.

After lots of blood work and after seeing Mr. Anthony was not on any drugs or intoxicants and was dehyderated very bad. He was admitted into hospital and hooked up to an I.V. for fluids and had to have a shot to lower his

(1)

heart rate.

On the afternoon of April 13th, 2021 the Doctor (Lammie) came into Anthony's room and had a conference with Anthony and (2) officers, one by the name of Bassard. The Doctor told Anthony that he had been on the wrong Medication and that the dosage he had been given did cause the problems Anthony was having. The Doctor said he was changing all Anthony's Medication. Mr. Anthony was discharged April 13, 2021 and brought back to Oakdale FCI 1 SHU and placed on Quarentine because of being admitted to Hospital.

Mr. Anthony has been treated real bad by staff here because of CO. Lemieux and DHO Thomas. Officers has been chomping at the bit to put Anthony in the SHU and mess his time and Sentence up. He has been placed in cells that he did not want to cell, but did because he does not want trouble and wants to go to a camp. The staff at Oakdale will not team him to lower his points and all because of whats going on with Defendant P. Lemieux. It is only a matter of time until she turns to inmates and could start trouble between them. She has that power! So does DHO Thomas.

Mr. Anthony had to file a Sensitive 10 Administrative Remedy to the Regional office and ask for a Transfer because he does not feel safe here. All of this should show that he does not belong at this institution.

Mr. Anthony was denied the Sensitive 10 and told to file with the institution. Mr. Anthony filed a BP-8, 3 of them, and never heard a word on this issue. Back in December 23rd, 2020 Anthony tried to talk to the assosiated Warden Mac, and was cut down and told he knew what Anthony did and he would never walk FCI Oakdale Compound while Anthony was here. Camera will show this also in (SHU).

This compltly shows that Staff, wants to get Anthony on a dissipline

(2)

charge instead of terming him and Transfering him to a camp closer to his home. Mr. Anthony is not even in his region and has 6pear conduct for over 24 months. He has had only a 331 write-up in over 5 years.

It is a proven fact to Anthony that he is being treated this way out of retaliation and spite. He has been degrated, character defiled, slandered and locked away and kept from his home and family. Anthony is out of Middle Tennessee, not Texas or Lonisiana.

Anthony is Submitting an Exhibit A where he filed for the Sensitive 10 and refused by region, the very same people that sent him to FCI Oakdale and wont transfer him and get him closer to his home and family. Mr. Anthony is 55 years old with a 12 year old daughter that he has not seen since she was 1 year old. Anthony fears if he is not transfered the staff will do thier best to do a better job next time of writting him up. Mr. Anthony could have died here on the 12th and again it would have been this staffs falt due to DHO Thomas and CO. P. Lemieux. This is a family run institution and most officers are kin here.

Its hard to get BP-8, 9, 10 and 11 out of this staff when they know why you want them and your locked in Special Housing for no reason for months at a time. Anthony, upon comming here December 2, 2020, stayed in SHU from Dec. 2nd, 2020 till Feb. 26th, 2021. Sent back to SHU on April 7th, 2021 and still in SHU on April 28th, 2021.

I, Richard Anthony, submit this statemet to be true and correct under the penalty to pergery.

4/28/21

(3)