RECEIVED

SEP 2 4 2021

TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
(SHREVEPORT DIVISION)

RICHARD ANTHONY,
Plaintiff,

Vs.

Case No: 2:21-CV-)1251-JDC-KK
DEMAND FOR JURY TRIAL

AUNDRA THOMAS,
&
P. LEMIEUX,
Defendants.

_____/

## AMENDED COMPLAINT

Plaintiff, Richard Anthony, pro-se for this cause against the Defendants hereby timely submits his amended complaint and states the following:

### I. INTRODUCTION

1. This is an action brought against the Defendants for violations of Plaintiff's constitutional rights. Plaintiff has been sexually assulted, falsely accused, and convicted of engaging in a sexual act, continually threatened and harassed, all at the hands of the named Defendants.

2. Mr. Anthony arrived at FCI Oakdale 1 on or around October 15, 2016 with the intentions of remaining a model Inmate.

3. The Defendants are obligated under 28 U.S.C. §4042(a)(2)-(3) to provide safe housing for Mr. Anthony during his incarceration to include, keeping him safe from sexual assult, false allegations of rule violations and coersion to sell illegal drugs.

4. Furthermore, the Defendants are mandated to protect Mr. Anthony's U.S. Constitutional rights while under the Defendant's care, custody, and control, which they miserably failed to do so.

(1)

## II. JURISDICTION

5. This Court has durisdiction to hear and determine this matter under 28 U.S.C. §1331 and Bivens v. Silx Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 410, 91 S. Ct. 1999, 29 L. Ed 2d 619 (1971)

6. Plaintiff has fully exausted his Federal Bureau of Prisons (FBOP) Administrative Remedies related to the matters raised in this Amended Complaint as required under the Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. §1997e(a), before initiating this litigation. See: Remedy ID# 932539-A2

## III. VENUE

7. Plaintiff is incarcerated thus, resides where he is incarcerated for venue purposes as it relates to this complaint.

8. Further, the defendants' actions of violating Plaintiff's constitutional rights occured within the jurisdictional boundaries of this Court. Also, the defendants reside and are employed within this Court's Ilurisdiction.

## IV. PARTIES

9. Richard Anthony currently resides at Federal Correctional Institution (FCI) Oakdale 1, 1507 East Whatley Road, Oakdale, LA 71463, (318) 335-4070. Hereafter referred to as Mr. Anthony or Plaintiff.

10. Defendant, Aundra Thomas is a Disciplinary Hearing Officer (DHO) employed with the FBOP at FCI Oakdale 1, 1507 East Whatley Road, Oakdale, LA 71463, (318) 335-4070. Hereafter referred to as DHO Thomas or Defendant Thomas.

(2)

11. Defendant, P. Lemieux is a Correctional Officer employed with the FBOP at FCI Oakdale 1, 1507 East Whatley Road, Oakdale, LA 71463 (318) 335-4070. Hereafter referred to as Ofc. Lemieux or Defendant Lemieux.

## V. STATEMENTS OF FACTS

12. On January 15, 2018 Defendant Lemieux approached Mr. Anthony outside of Allen 1 Inmate Housing Unit and attempted to solicit Mr. Anthony's collaboration into conspiring to distribute an illegal narcotic substance better known as K-2. K-2 is understood as comprising a synthetic cannabinoid chemical composition.

13. Mr. Anthony instantly rejected Defendant Lemieux's K-2 scheme, and told her he wanted no part of it.

14. After Mr. Anthony rejected Defendant Lemieux's K-2 scheme, she immediately grabbed Mr. Anthony by the buttocks and pulled him close to her stating she will sell sex to Mr. Anthony for $150.00 "Per Pop" as she put it.

15. Mr. Anthony again immediately rejected Defendant Lemieux's proposition and pulled himself away from Defendant Lemieux's strong clutches.

16. Two John Doe Inmates witnessed and overheard Defendant Lemieux's actions and statements.

17. Mr. Anthony believes the Closed Circuit Television (CCTV) footage captured the aforementioned encounter.

18. On January 15, 2018 shortly after Mr. Anthony broke away from Defendant Lemieux and entered Allen 1 Housing Unit, Defendant Lemieux authored (falsified) a FBOP Incident Report Number 3078408 stating:

(3)

> On January 15, 2018 at 8:45pm., I, Officer Lemieux, was sitting in my office with the door open when I observed Anthony, Richard #44849-074 sitting on the top range of Allen 1 glancing down into my office. I then moved my chair where he could no longer see me. When I moved my chair, he also moved his chair so he could still have a visual of me. It was then that I saw that Inmate Anthony, Richard #44849-074 had his left hand in his pants in the genital area with his left foot propped up on the bars in front of him. I, Officer Lemieux, then observed Inmate Anthony, Richard #44849-074 moving his left hand in an up and down motion while his hand was still in his pants, all while shaking his right leg in the same up and down motion. This puts Inmate Anthony, Richard #44849-074 in direct violation of Code 205, engaging in a sexual act. Operation LT. notified.

19. On January 15, 2018 the Operation LT. appeared in Allen 1 Housing Unit and escorted Mr. Anthony to the Special Housing Unit (SHU) (i.e. The Hole) to be removed and segregated from the general population Inmates because of the allegations made by Defendant Lemieux quoted in paragraph 18.

20. On January 17, 2018 at 10:00am Mr. Anthony was served a copy of Incident Report #3078408.

21. Mr. Anthony advised the Lt. serving the Incident Report that the CCTV footage needed to be reviewed to prove his innocence.

22. Also on January 17, 2018 Mr. Anthony was visited by the Unit Disciplinary Committee (UDC) Mr. Donald C. Bryant. Mr. Anthony requested staff representation (Ms. Harrington) and informed the UDC to contact medical to confirm his condition of not being able to obtain an erection. Mr Anthony also informed the UDC that he was right handed.

23. On January 22, 2018 Defendant Thomas convined a disciplinary hearing for Mr. Anthony where he requested the CCTV footage be produced for inspection. DHO Thomas did not

(4)

have the CCTV footage nor had she reviewed it. Therefore, adjourning the hearing to a later date to allow time for her to review the requested (CCTV) footage.

24. On February 06, 2018 Defendant Thomas reconvined the disciplinary hearing and stated she requested an unidentified third party to review the requested CCTV footage and stated it was reported to DHO Thomas that the CCTV footage was inconclusive to support Mr. Anthony's guilt or innocence.

25. Mr. Anthony then requested to view the CCTV footage or allow his staff representative Ms. Herrington, but that request was denied by Defendant Thomas.

26. Instead, Defendant Thomas rendered her conclusion that Mr. Anthony had violated Prohibited Act Code 205, engaging in a sexual act.

27. Defendant Thomas sanctioned Mr. Anthony with '30' days disciplinary segregation, '90' days loss of Commissary privileges, and '27' days disallowance of good conduct credit.

28. On or around February 08, 2018 Mr. Anthony, while in the SHU was visited by FBOP SIS Officer, Mr. Morgan who was investigating a PREA complaint filed by '2' John Doe Inmates alleging sexual misconduct of Defendant Lemieux against Mr. Anthony. The '2' John Doe Inmates witnessed Defendant Lemieux sexual assault on Mr. Anthony as well as overheard the entire conversation on January 15, 2018.

29. Mr. Anthony did fully exhaust his Administrative Remedies related to Defendant's DHO findings. See: Remedy ID# 932539HA2

(5)

30. Mr. Anthony was transferred from Oakdale 1 to FCI Forrest City Arkansas on or around June 10, 2018.

31. On or around June 24, 2018 Mr. Anthony retained the services of LISA Legal LLC and filed his 28 U.S.C. §2241 Petition in the United States District Court, Eastern District of Arkansas, Case No: 2:19-CV-00072-JTR, seeking judicial intervention regarding Defendant Thomas' erroneous findings.

32. After the government-FBOP filed their response to the §2241 Petition and Mr. Anthony filed his reply, on April 23, 2020 the Honorable Magistrate Judge, J. Thomas Ray decided that Mr. Anthony's due process rights had been violated. Judge Ray ordered the FBOP to timely produce the CCTV footage and conduct another DHO hearing or, in the alternative expunge the disciplinary conviction and restore the '27' days of good conduct time within '60' days of the Court's order.

33. Without holding another hearing or producing the CCTV footage on or about September 01, 2020 the FBOP restored the '27' days good conduct credit and expunged the Incident Report as issued.

34. On or around December 02, 2020 Mr. Anthony was transferred from FCI Forrest City back to FCI Oakdale 1 much against his wishes and placed in the SHU.

35. It wasn't until on or around February 26, 2021 that Mr. Anthony was assigned to general population at Oakdale 1 in the EVA 2 Housing Unit.

36. On or around February 28, 2021 Defendant Lemieux visited

(6)

EVA 2 Housing Unit on numerous occassions threatening, harassing, and taunting Mr. Anthony.

37. Mr. Anthony reported Defendant Lemieux's actions to the Administration seeking corrective action on or around February 28, 2021.

38. On or around April 26, 2021 again Defendant Lemieux threatened, harassed, and taunted Mr. Anthony while he was housed in the SHU.

39. Mr. Anthony again alerted the Administration about Defendant Lemieux's behavior seeking corrective action.

40. Mr. Anthony has diligently sought psychological treatment for the sexual assault Defendant Lemieux perpetrated on him and for the fear she has instilled in him by falsifying the Incident Report. Along with the stress and daily fear placed over Mr. Anthony's head of the DHO (Defendant Thomas) failures to protect Mr. Anthony's due process rights.

41. However, the FBOP's ongoing ability to avoid treating Mr. Anthony's psychological issues have prevailed thus far.

## FIRST CAUSE OF ACTION
(Cruel & Unusual Punishment)

42. Mr. Anthony restates and realleges paragraphs '1-41' as if fully stated herein.

43. Eventhough Mr. Anthony is incarcerated, the United States Constitution (8th Amendment) affords him certain protections against cruel and unusual punishment. Defendant Lemieux sexually assulting Mr. Anthony by grabbing his buttocks and attempting to sell Mr. Anthony sex for $150.00 a "Pop" absolutely equates to cruel and unusual punishment.

(7)

## SECOND CAUSE OF ACTION
(Cruel & Unusual Punishment)

44. Mr. Anthony restates and realleges paragraphs '1-43' as if fully stated herein.

45. Defendant Lemieux's behavior of attempting to force Mr. Anthony to sell K-2 on the prison Compound for her is a violation of Mr. Anthony's 8th Amendment rights.

## THIRD CAUSE OF ACTION
(Cruel & Unusual Punishment - Equal Protection)

46. Mr. Anthony restates and realleges paragraphs '1-45' as if fully stated herein.

47. Defendant Lemieux's action of knowingly issuing Mr. Anthony a false disciplinary report causing him to loose good conduct credit (ie loss of liberty) absolutely equates to an equal protection violation coupled with a violation of Mr. Anthony's 8th Amendment rights.

## FOURTH CAUSE OF ACTION
(Equeal Protection & Cruel & Unusual Punishment)

48. Mr. Anthony restates and realleges paragraphs '1-47' as if fully stated herein.

49. Defendant A. Thomas refusal to follow FBOP Policy and review the CCTV footage Mr. Anthony requested to exonorate him from the false alligations made by Defendant Lemieux does equate to a due process violation (ie equal protection) coupled with the violation of Mr. Anthony's 8th Amendment rights to be free from cruel and unusual punishment.

50. As stated by the Magistrate Judge in Mr. Anthony's §2241 litigation, Mr. Anthony's constitutional rights have been violated.

(8)

## VI. PRAYER FOR RELIEF

51. Mr. Anthony seeks total monetary damages in the amount of '10' Million dollars.

52. Mr. Anthony seeks and / or demands a jury trial in this Court.

53. Mr. Anthony seeks an order from this Court for immediate injunctive relief by directing the FBOP to transfer him away from FCC Oakdale away from the daily oversight of the Defendants.

WHEREFORE, Mr. Anthony prays this Honorable Court will grant him all requested relief, or other relief as this Court deems proper and just.


Date: September 20, 2021                    Respectfully Submitted,

                                            Richard Anthony #44849-074
                                            Plaintiff / pro-se

(9)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY under penalties of perjury pursuant to 28 U.S.C. §1746 that Plaintiff's Amended Complaint was given to prison officials with the proper first class postage affixed for mailing via U.S. Postal Services, Certified Mail Reciept No: 7021 0350 0000 2987 8189, to the U.S. District Court, Office Of The Clerk, 300 Fannin Street, Ste 1167, Shreveport, LA 71101 on this __21__ day of September, 2021.

Richard Anthony #44849-074
FCI Oakdale 1
P.O. Box 5000
Oakdale, LA 71463
(318) 335-4070
Plaintiff / pro-se

(10)