UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RICHARD ANTHONY** | : | **DOCKET NO. 2:21-cv-1251** |
| **REG. # 44849-074** | | **SECTION P** |
| | | |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| | | |
| **AUNDRA THOMAS, ET AL** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM ORDER**

Before the court is a civil rights complaint filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by plaintiff Richard Anthony, who is proceeding pro se in this matter. Anthony is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO"). Plaintiff filed an Amended Complaint on September 24, 2021, which included a request to transfer him away from FCIO. Doc. 10, p. 9. Subsequently, he filed a Motion for Temporary Restraining Order and Preliminary Injunction, seeking the same relief and seeking an Order from this Court protecting evidence related to his pending civil rights litigation. Doc. 16. Plaintiff has also filed a Motion to Take Judicial Notice of Threats, Harassment and Failure to Treat (doc. 14) and a Motion to Take Judicial Notice of U.S. Marshal's Failure to Complete Service of Summons on Defendants (doc. 20).

I.
BACKGROUND

According to Plaintiff, after he was sexually assaulted by defendant P. Lemieux, then falsely accused and convicted of misconduct at FCIO by Discipline Hearing Officer "A. Thomas," he was transferred to FCI-Forrest City ("FCI-FC") on or about June 15, 2018. Upon his arrival at

-1-

FCI-FC, Anthony appealed his conviction related to the false allegations made against him and, on or about April 23, 2020, he prevailed on his petition, filed in the Eastern District of Arkansas, pursuant to 28 U.S.C. § 2241.  For "reasons still unknown to Mr. Anthony" on or around December 2, 2020, he was transferred back to FCIO, "back into the clutches of the defendants."  Doc. 16, p. 4.  He alleges that since his transfer back to FCIO, the staff "continue to threaten, and harass him and refuse to treat him for his mental health issues." *Id*.  He states that he has lost almost 30 pounds due to the stress of being in the defendants' care, custody and control.  Anthony contends that because of the amount of stress he endures on a daily basis being forced to live at FCIO without mental health treatment, coupled with his ongoing loss of appetite and weight loss issue, he will suffer irreparable harm if he is not transferred from FCIO.

Plaintiff also asks this Court to issue an order protecting the evidence relative to his civil rights complaint, asserting that it will "disappear" without court intervention, due to the "ongoing rampid (sic) staff misconduct at FCIO."  *Id*. at p. 7.

**II.**
**LAW AND ANALYSIS**

**A.  Motions to Take Judicial Notice**

In two separate motions, (docs. 14, 20), plaintiffs asks that judicial notice to be taken pursuant to Rule 201 of the Federal Rules of Evidence. That "rule governs only judicial notice of adjudicative facts." Fed. R. Evid. 201(a).  With respect to the allegations of threats, harassment and failure to treat, the facts that plaintiff would like to establish have not been adjudicated and are reasonably capable of dispute.

Plaintiff also asks this Court to take judicial notice of the fact that the U.S. Marshals have not completed service on the defendants until such time as they were ordered to do so by this Court.  This allegation has been refuted.  Since the filing of his motion, the Marshals have, in fact,

effectuated service on A. Thomas.  Service was attempted as to Ofc. P. Lemieux.  However, there are two staff members with the same first initial and last name at FCIO and the Marshals were unable to ascertain which "P. Lemieux" was to be served.  See doc. 21, att. 1.  Accordingly, the facts asserted as to service are also not capable of judicial notice.   Both requests should be **DENIED**.

### B.  Motion for Court to Order Marshal's Office to Serve Summonses on the Defendants

Plaintiff filed a Motion seeking service on the defendants, which has been rendered MOOT by the service and attempted service of both named defendants.  Doc. 22.  As stated above, service has been made on defendant A. Thomas.  With respect to defendant P. Lemieux, the Marshals have been unable to effectuate service, as there are two staff members with the same first initial and last name at FCIO and the Marshals were unable to ascertain which "P. Lemieux" was to be served. See doc. 21, att. 1.  Plaintiff is to submit to this Court two (2) summonses and one (1) USM-285 for defendant Lemieux, using his FULL NAME.

### C.  Motion for Temporary restraining order and preliminary injunction, seeking transfer

A preliminary injunction can be issued only after notice to the adverse party. See Fed. R. Civ. P. 65(a)(1). Although a court may issue a TRO without notice to the adverse party, it may only do so if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).  The party seeking a TRO or preliminary injunction has the burden to show that he or she is entitled to it. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

Plaintiff has not shown that he has given notice of his request for injunctive relief.  Neither has he satisfied the requirements for a TRO under Rule 65(b) by submitting an affidavit or verified complaint which clearly shows an immediate, irreparable injury, loss, or damage that will result before the defendants can be heard in opposition, and by providing a written certification of the efforts made to give notice or proffering reasons why notice should not be required. His motion for injunctive relief is subject to denial for this reason alone.

Plaintiff must also satisfy the substantive requirements for a preliminary injunction to obtain a TRO. Issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). A preliminary injunction is the exception, not the rule. Miss. Power & Light Co. v. United Gas Pipe Line Co., 760 F.2d 618, 621 (5th Cir. 1985). To obtain a preliminary injunction, the movant must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury outweighs any damage the order might cause to the respondent; and (4) that the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.,* 210 F.3d 439, 442 (5th Cir. 2000).  If the movant fails to carry the "heavy burden" to show each of these prerequisites, a preliminary injunction is not warranted. *See Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana,* 762 F.2d 464, 472 (5th Cir. 1985). Furthermore, in the prison setting, requests for a preliminary injunction are "viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). "Except in extreme circumstances", the "federal courts are reluctant to interfere" with matters of prison administration and management, such as prison

discipline and classification of inmates. *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) (affirming denial of injunction to obtain release from administrative segregation).

With respect to his request for a transfer, Plaintiff has neither alleged nor shown a substantial likelihood that he will prevail on the merits of his claim. He does not have a protected liberty interest in where he is placed, *see Meachum v. Fano*, 96 S. Ct. 2532, 2538 (1976), or a constitutional right to be incarcerated in a certain facility or unit, *see Olim v. Wakinekona*, 103 S. Ct. 1741, 1744 (1983). *Cf. Ready v. Fleming,* 2002 U.S. Dist. LEXIS 10997, 2002 WL 1610584 (N.D. Tex. July 19, 2002). Nor has he alleged or shown that there is a substantial threat of irreparable injury if an injunctive relief is not granted. The basis for Plaintiff's request is his assertion he endures a great amount of stress on a daily basis being forced to live at FCIO." Doc. 16, p. 5.   Although he claims to fear false accusations, being locked in the SHU, and other retaliation, he has not identified any specific basis for his fear, and he has not alleged or shown that an injunction is necessary to protect his interests in this case. See *Basey v. Mooneyham,* 172 Fed. App'x 582, 584 (5th Cir. Mar. 27, 2006) (denying request for injunction and prison unit transfer where no evidence in record to support plaintiff's allegation of being in "imminent danger"); *Howenstine v. Thaler*, 2009 U.S. Dist. LEXIS 131975, 2009 WL 4825227, *2-4 (S.D.Tex. Dec. 8, 2009) (recommending denial of injunctive relief to prohibit transfer based on lack of evidence to support conclusory assertions that petitioner was about to be transferred or that transfer was intended to thwart petition).   Plaintiff has not made the necessary showing for entitlement to injunctive relief in this case.  Plaintiff's claims can be addressed in due course on the merits by motion and/or trial.

### D.  Request that Evidence Not Be Destroyed

Finally, with respect to his request that this Court order that prison officials are not to destroy evidence related to his civil rights claim, the Court finds that plaintiff has made the necessary showing for entitlement for this injunctive relief and Orders that evidence related to plaintiff's civil rights suit not be destroyed while same is pending.

## III.
### CONCLUSION

For reasons stated above,

**IT IS ORDERED** that plaintiff's Motions to Take Judicial Notice (docs. 14, 20) are **DENIED**.

IT IS FURTHER ORDERED that plaintiff's Motion for Court to Order Service (doc. 22) is DENIED as MOOT.  With respect to service of defendant P. Lemieux, the Clerk is ORDERED to  mail to Anthony at his last known address the following: a copy of this memorandum order, a copy of the unexecuted summons (doc. 21, att. 1), two (2) summons forms and one (1) USM-285 for defendant P. Lemieux.  Within thirty (30) days of this order, Anthony must complete two (2) summonses and one (1) USM-285 for defendant P. Lemieux, using his FULL NAME and send the completed documents to the Clerk of Court, Section P, 800 Lafayette Street, Suite 2100, Lafayette, Louisiana, 70501.  Once the clerk has received the completed forms, THE CLERK IS FURTHER DIRECTED to provide the prepared packets, including a copy of the original and amended complaints (docs. 1, 10)  to the United States Marshal for service on Lemieux.

**IT IS FURTHER ORDERED** that plaintiff's request transfer from FCIO, contained in his Amended Complaint (doc. 10) and Motion for Temporary Restraining Order and Preliminary Injunction, seeking the same relief (doc. 16) be **DENIED.**

**IT IS FURTHER ORDERED** that plaintiff's request for an Order protecting evidence related to his pending civil rights litigation be **GRANTED** and FCIO officials are enjoined from destroying any evidence related to plaintiff's civil rights lawsuit.

THUS DONE AND SIGNED in Chambers this 19th day of January, 2022.


_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE