**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | | |
|---|---|---|
| **RICHARD ANTHONY** | : | **DOCKET NO. 2:21-cv-1251** |
| **REG. # 44849-074** | | **SECTION P** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **AUDRA THOMAS, ET AL** | : | **MAGISTRATE JUDGE KAY** |

<u>**MEMORANDUM ORDER**</u>

Before the court is Motion to Compel filed by plaintiff Richard Anthony (doc. 47) and a Motion to Stay Discovery filed by the defendants (doc. 52).  The complaint asserts a *Bivens* action alleging various civil rights violations arising from disciplinary proceedings imposed during plaintiff's confinement at FCI Oakdale I.  Doc. 1.  On July 6, 2022, a Motion to Dismiss or in the Alternative, Motion for Summary Judgment pursuant to Rule 12(b)(1), Rule 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure was filed on behalf of the individual defendants.  Doc. 40. After defendants' dispositive motion was filed, plaintiff filed a Motion to Compel Answers to Discovery Requests.  Doc. 47.  Defendants then filed a Motion to Stay Discovery.  Doc. 52.

In the Motion to Stay Discovery, defendants assert that, because they have challenged plaintiff's Complaint pursuant to F.R.C.P. Rule 12(b), the controlling jurisprudence supports a stay of discovery pending adjudication of the affirmative defenses set forth in the motion. Specifically, defendants contend that no additional documentation or information obtained by plaintiff would affect the resolution of the issues of exhaustion of administrative remedies or whether defendant Thomas is immune from suit which form the bases of the current dispositive motion.

We have reviewed the discovery that plaintiff asks us to compel defendant answer.  Doc. 47, att. 2.  The discovery sought appears to address the merits of the plaintiff's complaint and is not limited to any information that plaintiff may need to address the dispositive motion before us now.  Without reference to the merits of defendants' Motion to Dismiss, we agree that the affirmative defenses of failure to exhaust administrative remedies and qualified immunity can be addressed prior to discovery.  Accordingly,

**IT IS ORDERED** that, to promote judicial economy, defendants' Motion to Stay Discovery [doc. 52] is **GRANTED** at this time.  When considering defendants' dispositive motions, we will not consider documents outside of the complaint unless they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims[1].  Should the Court determine that the Defendants' 12(b) Motion to Dismiss should be denied, this matter will proceed, and Plaintiff can re-urge his Motion to Compel.  Plaintiff should timely file any opposition to Defendants' Motion to Dismiss, on in the Alternative, Motion for Summary Judgment pursuant to Rule 12(b)(1), Rule 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure by September 9, 2022.  In the event plaintiff finds he is in need of information from defendant to address the dispositive motion directly then he may seek leave of court to lift this stay to allow for that discovery.  Plaintiff is cautioned, however, that only discovery related to the issues raised in the defendant's pending motion will be countenanced and our approval is not guaranteed.

---

[1] We are permitted to consider these documents without converting the motion to dismiss into one for summary judgment.  *See Maloney Gaming Mgmt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011) (quoting *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (5th Cir. 2007)),

THUS DONE AND SIGNED in Chambers this 25th day of August, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE