# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RICHARD ANTHONY** | : | **CIVIL ACTION NO. 2:21-cv-1251** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **AUNDRA THOMAS, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is Motion to Dismiss, and in the alternative, Motion for Summary Judgment [doc. 41] filed by defendants in this civil rights action brought by pro se plaintiff Richard Anthony, an inmate in the custody of the Federal Bureau of Prisons, currently incarcerated at F C I – Talladega, in Talladega, Alabama, but incarcerated at FCI-Oakdale (FCIO) at the time of filing.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court. For the reasons stated below,

**IT IS RECOMMENDED** that claims against Aundra Thomas be **DISMISSED** for failing to state a claim upon which relief can be granted.

**IT IS FURTHER RECOMMENDED** that claims against Office Paige Lemieux be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

## I.
### BACKGROUND

Anthony filed this suit pursuant *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), on May 10, 2021. Doc. 1.  He alleges that a senior correctional officer and a disciplinary hearing officer ("DHO") violated his constitutional rights during his incarceration at FCIO.

Plaintiff's Amended Complaint alleges that on January 15, 2018, Senior Officer Paige Lemieux sexually assaulted him by grabbing his buttocks and offering to sell him sex for $150.00.  Doc. 10, p. 3.  Plaintiff also asserts that on that same date, Senior Officer Lemieux asked him to sell drugs on the prison compound.  *Id*.  The Amended Complaint further claims that, after the plaintiff rejected Officer Lemieux's sexual advances, she falsely charged him with engaging in a sexual act which allegedly caused him to lose Good Conduct Time (GCT).  *Id*. at pp. 3-4.  Plaintiff argues that Lemieux's actions violated the Eighth Amendment.

Plaintiff alleges that Disciplinary Hearing Officer ("DHO") Aundra Thomas failed to review video footage which, according to plaintiff, would have exonerated him of the charge filed by Officer Lemieux.  *Id*. at pp. 4-5.  Plaintiff claims that he was therefore found guilty at the conclusion of disciplinary proceedings held by DHO Thomas.  *Id*. at p. 5.  Plaintiff argues that DHO Thomas' failure to review video footage of the incident made subject of Lemieux's report, and the sanctions he received as a result of Thomas' guilty finding, constituted a "due process violation (i.e. equal protection)," as well as a violation of the Eighth Amendment.  Plaintiff seeks ten million dollars in compensatory damages[1]. However, his Amended Complaint concedes that BOP restored his good conduct credit days and expunged the incident report made subject of his lawsuit following habeas proceedings that plaintiff instituted in the Eastern District of Arkansas. *Id*. at p. 6.

In its motion, the defendants assert that United States Supreme Court jurisprudence establishes that Anthony cannot state a claim upon which relief can be granted under *Bivens*. Accordingly, the allegations against each individual defendant should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Further, they claim that DHO Thomas is

---

[1] In his Amended Complaint (doc. 10), plaintiff also sought injunctive relief, to be transferred from FCIO.   This claim was addressed and denied by this Court. See doc. 23.

entitled to qualified immunity from plaintiff's lawsuit. Additionally, the defendants rely on Bureau of Prisons ("BOP") records which confirm that Anthony did not exhaust administrative remedies regarding the claims brought against Senior Officer Lemieux. Therefore, these unexhausted claims should be summarily dismissed, and plaintiff's lawsuit should be dismissed in its entirety.

Plaintiff filed a response to the instant motion.  Doc. 59.

The matter is now ripe for review. At the outset, the Court notes that it will address claims against DHO Thomas under the 12(b)(6) standard and claims against Lemieux under the summary judgment standard of Fed. R. Civ. P. 56, because it is necessary to consider evidence against Thomas that is not contained in the pleadings.

## II.
### LAW AND ANALYSIS

### A. *Motion to Dismiss Standard*

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim is appropriate when a defendant attacks the Complaint, because it fails to state a legally cognizable claim. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  A plaintiff satisfies this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gulf Coast Hotel-Motel Ass'n v. Miss. Gulf Coast Golf Course Ass'n,* 658 F.3d 500, 504 (5th Cir. 2011), *quoting, Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Usually, in considering a motion to dismiss pursuant to Rule12(b)(6), a district court must limit itself to the face of the Complaint including attachments thereto. However, applicable jurisprudence establishes exceptions to this restriction wherein the Court may take judicial notice of documents or information which constitute matters of public record when considering a Rule 12(b)(6) motion to dismiss. *Cinel v. Connick,* 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *Haygood v. Begue*, 2014 WL1320152 at 1 (W.D. La. March 31, 2014).

### B. *Summary Judgment Standard*

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 106 S.Ct. 2505, 2511 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 106 S.Ct. at 2511 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S.Ct. 2097, 2110 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008). "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court

-4-

may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n. 3 (5th Cir. 1995) (quoting *Hibernial Nat. Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)). Failure to file an opposition and statement of contested material facts, however, results in the court deeming statements of uncontested material facts admitted for the purposes of the motion. Local Rule 56.2.

### C. Application

#### 1. Claims against Aundra Thomas

Dismissal of the claims against DHO Aundra Thomas is sought on two bases. First, Thomas argues that *Bivens* does not provide a vehicle for plaintiff's claims. Next, Thomas assert that—even if the *Bivens* claims are cognizable—she is entitled to qualified immunity. The Court begins with the *Bivens* question, which is antecedent to whether Thomas is entitled to qualified immunity. *See Oliva v. Nivar*, 973 F.3d 438, 441 (5th Cir. 2020).

Courts confronting *Bivens* claims generally "must ask two questions. First, do [the plaintiff's] claims fall into one of the three existing *Bivens* actions? Second, if not, should we recognize a new Bivens action here?" *Id.* (*citing Cantu v. Moody*, 933 F.3d 414, 422 (5th Cir. 2019). This Court says no and no.

The Supreme Court has never affirmatively recognized a *Bivens* claim for any of the alleged violations described in plaintiff's Complaint. In its *Abbasi* decision, the Court reconfirmed that any expansion of *Bivens* to "any new context or new category of defendants" is a disfavored judicial activity. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (quotation marks omitted); *Hernandez v. Mesa*, 885 F.3d 811, 818 (5th Cir. 2018) (en banc) ("*Bivens* claims are now a distinctly 'disfavored' remedy [] subject to strict limitations arising from the constitutional imperative of the separation of powers."), *affirmed by Hernandez v. Mesa,* 140 S. Ct. 735 (2020).

Unlike 42 U.S.C. § 1983, which statutorily entitles an injured person to money damages for violations of constitutional rights by officials acting under color of state law, a *Bivens* action is a limited, judicially created, non-statutory damages remedy against federal officials for certain constitutional violations. See *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 91 S.Ct. 1999, 2005 (1971).

The Supreme Court has repeatedly emphasized that a judicially created damages remedy for constitutional violations like that inferred in *Bivens* is disfavored, not an "automatic entitlement." *Wilkie v. Robbins*, 127 S.Ct. 2588, 2597 (2007); *De La Paz v. Coy*, 786 F.3d 367, 372 (5th Cir. 2015)(internal quotation marks omitted)(explaining that more recent Supreme Court holdings "have disavowed that a *Bivens* suit is an automatic entitlement; in fact, it is disfavored."). Indeed, the Supreme Court "in most instances... [has] found a *Bivens* remedy unjustified." *Wilkie*, *supra*. Accordingly, the Fifth Circuit advises, "courts must respond cautiously to suggestions that *Bivens* remedies be extended." *De La Paz*, 786 F.3d at 373 (quotation marks omitted). "Since *Bivens's* inception [in 1971], the Supreme Court has only extended *Bivens* beyond the deprivation of Fourth Amendment rights on two occasions: for violations of the Fifth Amendment Due Process Clause for gender discrimination . . . and for violations of the Eighth Amendment prohibition against cruel and unusual punishment." *Butts v. Martin*, 877 F.3d 571, 587 (5th Cir. 2017) (citing *Davis v. Passman*, 99 S. Ct. 2264 (1979) and *Carlson v. Green*, 100 S. Ct. 1468 (1980)).

The defendant argues, and this Court agrees, that the facts under which the plaintiff asks this court to create a damages remedy would undoubtedly require a stretching, or extension of *Bivens*. Plaintiff's claims bear no resemblance to the Fourth, Fifth, and Eighth Amendment claims contemplated by *Bivens*. The Supreme Court has never recognized a *Bivens* action based upon

allegations that an officer falsely charged an inmate with misconduct or failed to review certain evidence prior to finding the inmate guilty of the charged misconduct.

Applicable case law establishes that the availability of other avenues of redress which could be utilized by the plaintiff further discourage extending a *Bivens* remedy in this case. For example, the Prison Litigation Reform Act (PLRA) did not provide a "standalone damages remedy against federal jailers," *Abbasi*, 137 S.Ct. at 1865, and the Fifth Circuit recognizes it is generally Congress that should decide whether a *Bivens* remedy should be available. See *Watkins v. Three Admin. Remedy Coordinators of Bureau of Prisons*, 998 F.3d 682, 685 (5th Cir. 2021). Furthermore, "if there is an alternative remedial structure present in a certain case, that alone may limit the powers of the Judiciary to infer a new *Bivens* cause of action." *Abbasi*, 137 S.Ct. at 1858.

In the instant case, the plaintiff had the opportunity to challenge all of the actions at issue via the BOP administrative remedy process. See 28 C.F.R. §§ 542.10 through 542.19. "That his administrative complaints were ultimately denied does not mean that the program was not an alternative or meaningful remedial structure, nor does it automatically entitle him to monetary damages under *Bivens*." *Causey v. Carlton*, 2020 WL 1500020, *3 (S.D. Miss. Feb. 11, 2020), report and recommendation adopted by *Causey v. Carlton*, 2020 WL 1493044 (S.D. Miss. Mar. 27, 2020), citing *Vega v. United States*, 881 F.3d 1146, 1155 (9th Cir. 2018).

Alternative remedial structures were definitely pursued by the plaintiff when he instituted habeas proceedings in the Eastern District of Arkansas to challenge the incident report issued by Officer Lemieux, and his finding of guilty by DHO Thomas. Plaintiff was ultimately granted relief in the form of expungement of the incident report, and the restoration of lost Good Conduct Time (GCT).  See doc. 10, ¶ 33.  Because the plaintiff had alternative remedies available to him, which he successfully utilized to obtain reversal of sanctions imposed in DHO Thomas' disciplinary

proceedings, this Court should decline him the opportunity to seek any additional relief under *Bivens*.

The Court notes that in his response to the defendants' motion, the plaintiff appears to concede that *Bivens* does not provide a cause of action in this matter. The plaintiff states that he, "through pro-se ignorance, initially filed suit under *Bivens* but through diligence and research discovered the proper vehicle for his claim was through the Federal Torts Claim Act (FTCA)." Doc. 59, p. 2. Apparently, on or about September 11, 2021 (after the May 10, 2021, filing of the instant suit), plaintiff submitted an FTCA claim, alleging "personal injury for an incident that occurred on/or about January 18, 2018." Doc. 59, att. 1, p. 12. This claim was denied, as it was not received within two (2) years from the date of the incident. Moreover, it does not raise any claims related to Officer Thomas.

For the reasons stated above, plaintiff's claim is not cognizable under *Bivens* and, as such, the claim should be dismissed for failure to sate a claim upon which relief can be granted. Furthermore, the Court need not address the alternative argument for dismissal based on qualified immunity.

### 2. *Claims against Officer Lemieux*

The Court agrees with the defendants' contention that Anthony failed to exhaust administrative remedies for claims against defendant Lemieux and this failure is sufficient to support dismissal of the action against him. Because exhaustion is an affirmative defense it must be raised in a motion for summary judgment. *Dillon v. Rogers*, 596 F.3d 260, 272, (5th Cir. 2010). An affirmative defense may be raised in the initial pleading when that pleading is a motion for summary judgment. *Funding Systems Leasing Corp. v. Pugh*, 530 F.2d 91, 96 (5th Cir. 1976).

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process.  *Booth v. Churner,* 121 S.Ct. 1819, 1825 (2001). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 122 S.Ct. 983, 992 (2002).

The law requires "proper exhaustion," which means "complet[ing] the administrative review process in accordance with the applicable procedural rules." *Jones v. Bock*, 127 S.Ct. 910, 922 (2007) (quoting *Woodford v. Ngo*, 126 S.Ct. 2378, 2384 (2006)). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 127 S.Ct. at 922.  "All 'available' remedies must now be exhausted those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter*, 122 S.Ct. at 988 (quoting *Booth, supra*). Though not jurisdictional, exhaustion is mandatory, and there is no discretion to excuse it. *Porter*, 122 S.Ct. at 988.

The Federal Bureau of Prisons has a four-step process for resolving complaints by prisoners. See 28 C.F.R. § 542.10 et seq. Initially, a prisoner must informally attempt to resolve the complaint with staff. 28 C.F.R. § 542.13(a). If informal attempts are unsuccessful, the prisoner must submit a Request for Administrative Remedy to the Warden. 28 C.F.R. §542.14. If the prisoner is not satisfied with the warden's response, he may appeal to the Regional Director. 28 C.F.R. § 542.15. If still unsatisfied, the prisoner may appeal to the Office of General Counsel. *Id*.

The Prison Litigation Reform Act (PLRA) requires exhaustion of the available remedies. See 42 U.S.C. §1997(e) (a); *see also Booth v. Churner*, 532 U.S. 731 (2001), *Porter v. Nussle*, 534 U.S. 516 (2002), and *Clifford v. Gibbs*, 298 F.3d 328, 331-332 (5th Cir. 2002) (holding that the Prison Litigation Reform Act's exhaustion requirement is mandatory, not discretionary, and the prisoner must exhaust). Inmates are required to exhaust administrative remedies irrespective of the forms of relief sought and offered through administrative sources. *Booth*, 532 U.S. at 741 n. 6. This exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. *Porter*, 534 U.S. at 532.

Plaintiff's BP-10 appeal of Defendant Thomas' DHO report indicates that Officer Lemieux falsely charged Plaintiff with a sexual act in retaliation for his refusal of her sexual advances, and that she asked him to sell drugs for her. *See* doc. 41, att. 3, pp. 7-34, attachments to the Declaration of Tamala Robinson. However, when Plaintiff filed a BP-11 appealing the rejection of this request for administrative remedy, he did not raise any these issues relating to Defendant Lemieux. Rather, the BP-11 appeal was limited to allegations regarding DHO Thomas' alleged violation of his due process rights while conducting his disciplinary hearing. *See id*. at pp. 38-40, attachments to Robinson Declaration. Plaintiff's BP-11 appeal did not seek any relief for Lemieux's alleged sexual advances toward him, or for her alleged request that he sell drugs at the prison. Accordingly, Plaintiff abandoned these claims, and they remain unexhausted.

Further, any requests for administrative remedies lodged with BOP after the instant lawsuit was filed would not satisfy the PLRA's exhaustion requirement with respect to the claims plaintiff's claims against Officer Lemieux. A prisoner's failure to exhaust available administrative remedies prior to bringing an action in court requires dismissal of the case, regardless of whether the plaintiff exhausts while the lawsuit is pending. See 42 U.S.C. § 1997(e)(a) (stating "[n]o action

shall be brought... until such administrative remedies... are exhausted."); *see also Ross v. Blake*, 136 S.Ct. 1850, 1857 (2016) (A court may not excuse an inmate's failure to exhaust administrative remedies prior to bringing suit, even to take special circumstances into account). "[A] prisoner does not comply with [the exhaustion] requirement by exhausting available remedies during the course of the litigation." *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) (requiring "dismissal without prejudice when there is no presuit exhaustion," and not permitting exhaustion "pendente lite"). Thus, plaintiff's claims against Officer Lemieux should be dismissed as a matter of law.

## IV.
## CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that claims against Aundra Thomas be **DISMISSED** for failing to state a claim upon which relief can be granted.

**IT IS FURTHER RECOMMENDED** that claims against Office Paige Lemieux be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 26th day of May, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE